# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

O'NEAL HOLDINGS, LP, et al.,

    Plaintiffs,

    v.

WALTER B. BOWDEN, et al.,

    Defendants,

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Darby Bank & Trust Co.,

    Intervenor Plaintiff

CV 415-84

## ORDER

Before the Court is the Federal Deposit Insurance Corporation's Motion for Substitution and Motion to Dismiss (Dkt. no. 6). For the reasons set forth below, the Court **GRANTS** both motions.

## BACKGROUND

The Georgia Department of Bank and Finance shut the doors of Darby Bank & Trust Company ("Darby") on November 12, 2010 (Dkt. no. 1-2 at 6).[1] Darby had been wholly owned by DBT Holding ("DBT"), which filed for bankruptcy on April 4, 2011, and was

---

[1] When weighing a motion to dismiss, the Court accepts as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).

dissolved the following year. Id. Each of the Plaintiffs in this case owned stock in DBT at the time that Darby was closed. Id.

The Plaintiffs filed this action in state court on November 25, 2014, alleging that the negligence of Darby's directors had caused them to suffer damages of more than $2.5 million. Id. at 10. The Federal Deposit Insurance Corporation, as receiver of Darby ("FDIC-R"), sought to intervene in the action as a plaintiff, and the state court granted its request (Dkt. no. 1-1 at 1).

After being named a plaintiff, FDIC-R removed the action to this Court (Dkt. no. 1). It now seeks to be substituted for the Plaintiffs as the real party in interest, and it also seeks the dismissal of the Plaintiffs from the action due to a lack of standing (Dkt. no. 6). The defendants do not oppose either the substitution or the dismissal of the Plaintiffs (Dkt. no. 8).

## DISCUSSION

When the Federal Deposit Insurance Corporation ("FDIC") is appointed receiver of a bank, it succeeds to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution." 12 U.S.C. § 1821(d)(2)(A)(i). Thus, once appointed receiver of a

AO 72A
(Rev. 8/82)

bank, the FDIC owns all derivative claims against the Bank's officers. See Lubin v. Skow, 382 F. App'x 866, 870 (11th Cir. 2010). A party that can establish a direct harm, however, may bring a separate claim.

The parties in this case agree that because the FDIC-R is the receiver of Darby, it owns all derivative claims against the Bank's officers (See Dkt. nos. 6-1 at 6; 16 at 3). They disagree whether the Plaintiffs' claim in this action is direct or derivative.

"[W]hether the claims alleged in the Complaint are direct or derivative is a legal, not factual, determination." Lukin, 382 F. App'x at 871. "State law determines whether a cause of action is direct or derivative." Hantz v. Belyew, 194 F. App'x 897, 900 (11th Cir. 2006). Under Georgia law, "[w]hether a claim is derivative or direct is determined by reference to the allegations of the claim." Holland v. Holland Heating & Air Conditioning, Inc., 432 S.E.2d 238, 242 (Ga. Ct. App. 1993). "[A] shareholder must be injured in a way which is different from the other shareholders or independently of the corporation to have standing to assert a direct action." Grace Bros. v. Farley Indus., Inc., 450 S.E.2d 814, 816 (Ga. 1994); see also Patel v. Patel, 2014 WL 5025821, at *5 (S.D. Ga. Oct. 7, 2014) (finding that "only a derivative action is allowed [when] the Plaintiff's claims are founded upon injuries which are no

different from that suffered by the corporation"). A plaintiff who fails to allege that he suffered an individual injury "ha[s] no standing to bring an individual rather than a derivative claim." Holland, 432 S.E.2d at 242. Finally, if the behavior of corporate officers reduces the value of an investment, the resulting harm to an investor is "decidedly a derivative one." Lukin, 382 F. App'x at 872 (applying Georgia law).

Here, the Plaintiffs' claim is derivative. In the Complaint, the Plaintiffs allege that they suffered the harm of being invested in a bank operated by negligent directors that then failed (See Dkt. no. 1-2 at 9-10). This is the same harm suffered by DBT and its investors. See id. at 7-8. Nowhere do the Plaintiffs distinguish between the harm they suffered and the harm suffered by every other investor in DBT.[2] The Plaintiffs acknowledge that they did not know about the defendants' alleged behavior until after FDIC-R filed its own suit, which also indicates the derivative nature of their claim. Id. at 8. Thus, the Court finds that the Plaintiffs' claim of negligence is a derivative claim.

The Plaintiffs argue that the Eleventh Circuit's decision in Medkser v. Feingold, 307 F. App'x 262 (11th Cir. 2008),

---

[2] The Plaintiffs do allege that "[t]he actions of the Defendants have caused each Plaintiff a harm separate and apart from those damages sustained by the shareholders of DBT Holding or Darby Bank." (Dkt. no. 1-2 at 8). However, the Plaintiffs provide nothing as a factual basis for this conclusory statement. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (noting that conclusory allegations "are not entitled to be assumed true.").

AO 72A
(Rev. 8/82)

4

supports the categorization of their claim as a direct action (Dkt. no. 16 at 4-5). They are incorrect. While the Plaintiffs are correct that the Eleventh Circuit distinguished between direct and derivative actions, see Medkser, 307 F. App'x at 264-65, the court also determined that the plaintiffs had brought direct actions only because they alleged injury that other investors did not suffer (i.e., fraud), id. at 265. The court also found that bringing a claim related to a loss in value of investment was "indistinguishable" from claims brought by other investors. Id. In this case, the Plaintiffs have alleged only that they suffered damages when the negligent behavior of Darby's directors devalued their investment in DBT (Dkt. no. 1-2 at 9-10). This claim is indistinguishable from claims that could be brought by other DBT shareholders. Just as in Medkser, the Complaint reveals no allegations of fraud or misrepresentation but only that of negligence.[3]

The Plaintiffs also argue that they were not similarly situated when compared to other injured shareholders (Dkt. no. 16 at 5-6). They claim that their rights as shareholders "are different from those other shareholders in [DBT]." Id. at 5.

---

[3] The Plaintiffs do argue that the defendants made false statements to them about their lending practices and that these false statements induced the Plaintiffs to invest in Darby (Dkt. no. 16 at 5). But this claim appears nowhere in the Complaint. The Plaintiffs raise it for the first time in their opposition to FDIC-R's Motion. Being bound by the Complaint, the Court cannot consider this freshly raised claim. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1313 (11th Cir. 2004) (holding that new claims cannot be raised for the first time in response to a summary judgment motion).

As support, they point to their purchase of preferred rather than common stock. Id. at 6. But the Plaintiffs' allegations do not indicate how the purchase of preferred rather than common stock inflicted a different harm upon them. Although it was different in scope, their investment in DBT was reduced in value as a result of the same alleged mismanagement of Darby's directors. This sort of harm is "decidedly a derivative one." See Lukin, 382 F. App'x at 872.

Finally, the Plaintiffs argue that the injury they suffered was "separate and distinct" from the injuries suffered by other DBT shareholders (Dkt. no. 16 at 6). In arguing this, the Plaintiffs provide no details about what different injuries they suffered. In any case, they argue only that they were "uniquely vulnerable," id., but not that they were uniquely injured. The Complaint is likewise silent on what separate and distinct injuries befell the Plaintiffs. Such conclusory allegations are insufficient to allow the Court to find their harm to be direct rather than derivative.

**CONCLUSION**

The Plaintiffs have failed to allege any harms unique to themselves. Because their alleged injuries are no different than those suffered by DBT, the Court finds this action to be a derivative action. As a derivative action, it is owned by FDIC-R.

Therefore, the Court **GRANTS** FDIC-R's Motion to Substitute as the real party in interest (Dkt. no. 6). Since the Plaintiffs no longer have either a claim or standing, the Court **DISMISSES** them from this action.

This 22ND day of September 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA